IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| WAYNE E. EAGLEMAN, | Cause No. CV 13-0009-H-DLC-RKS |
|---|---|
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| NURSE STEPHANIE SANDSTROM, NURSE CRYSTAL RICHARDSON, and INFIRMARY STAFF, | |
| Defendants. | |

## SYNOPSIS

Plaintiff Wayne Eagleman alleges Defendants violated his Eighth Amendment right to protection from cruel and unusual punishment by misplacing an IV in his arm. The Complaint fails to state a federal claim upon which relief can be granted because Mr. Eagleman does not allege deliberate indifference. The Complaint should be dismissed.

## JURISDICTION

Mr. Eagleman filed this action in federal court. CD 2. The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint may

1

attempt to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana L. Christensen, United States District Court Judge, and referred to this Court in compliance with Local Rule 73.1(a)(1).

## STATUS

Mr. Eagleman is a prisoner proceeding in forma pauperis. His Complaint must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915, 1915A. If so, the Complaint must be dismissed. 28 U.S.C. § 1915A(b). This is the review.

## STANDARDS

### A. Stating a claim

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings that are no more than

conclusions are not entitled to the presumption of truth and may be disregarded. Id. at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Leave to amend

The court liberally construes pro se pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989).

### C. 42 U.S.C. § 1983

To state an Eighth Amendment claim for denial of medical care, a plaintiff

must allege specific facts that, if proved, would establish that the plaintiff had a serious medical need and the defendant showed deliberate indifference to that need. Estelle v. Gamble, 429 U.S. 97, 104 (1976); see also McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). A serious medical need exists if failure to treat the condition could result in significant injury or the "unnecessary or wanton infliction of pain." Estelle, 429 U.S. at 104. To qualify as a deliberately indifferent response, the plaintiff must allege: a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and b) harm caused by the indifference. Jett v. Penner, 439 F.3d 1091, 1096.

## FACTUAL ALLEGATIONS

For purposes of this review, the allegations in the Complaint are presumed to be true so long as they have some factual support. Unsupported legal conclusions, however, are disregarded.

On August 9, 2012, Nurse Stephanie Sandstorm was training Nurse Crystal Richardson while putting an IV in Mr. Eagleman's arm. Mr. Eagleman alleges the IV should have been placed in an existing port, or in his hand. CD 2, p. 6. Sometime later, while Mr. Eagleman was sleeping the needle "popped" out of his vein. CD 2, p. 6. As a result, Mr. Eagleman has very little feeling in his left hand,

it is always in pain, and has no strength. In addition, a doctor told Mr. Eagleman that "they" messed up his nerves. He also has infected bones, he almost lost his hand, and he has trouble with normal day-to-day tasks. CD 2, p. 7.

## ANALYSIS

Mr. Eagleman has not alleged a purposeful act or failure to respond to his medical needs. He has alleged nothing more than perhaps negligence. Negligence in treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. Estelle, 429 U.S. at 106; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004)("A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."). Mr. Eagleman does not allege that Defendants deliberately misplaced the needle, or that Defendants ignored Mr. Eagleman's pain after his alleged injury. Therefore his Complaint does not state a claim under the Eight Amendment.

## CONCLUSION

Mr. Eagleman has failed to state a federal claim for relief against Defendants. These are not defects which could be cured by further amendments and the case should be dismissed.

**"Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing actions in forma pauperis if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). Mr. Eagleman has failed to state a claim upon which relief may be granted. The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement

if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Eagleman has failed to state a claim is so clear no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**Address Change**

At all times during the pendency of this action, Mr. Eagleman SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED**:

1. This matter should be dismissed with prejudice. The Clerk of Court should be directed to close the case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Eagleman failed

to state a claim upon which relief could be granted.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain this action lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Eagleman may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Eagleman files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record relied on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority relied on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings

and Recommendations may preclude Mr. Eagleman from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 29th day of March, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge